PIKEVILLE COAL COMPANY/CHIS-HOLM COAL COMPANY, Appellant,

v.

Ernest D. SULLIVAN; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94–SC–728–WC.

Supreme Court of Kentucky.

March 23, 1995.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellant.

John W. Kirk and J. Drew Anderson, Kirk Law Offices, Inez, for appellee Sullivan.

OPINION OF THE COURT.

This workers' compensation case involves whether there are any limits upon how often a claim may be filed for retraining incentive benefits (RIB), KRS 342.732(1)(a). Claimant herein filed three claims for RIB within two years' time against the same employer. The

first claim was dismissed after a ruling on the merits by the Administrative Law Judge (ALJ) that the medical evidence did not support an award. The second claim was also dismissed because claimant failed to present any new evidence or proof that the additional exposure had resulted in a compensable condition. Claimant filed a third claim accompanied by new medical evidence that he had a higher category of pneumoconiosis than when he had originally filed. Again, the ALJ dismissed the claim.

It is the reasoning behind the ALJ's dismissal of the third claim that is novel and has become controversial. The ALJ held that claimant must wait two years between filing successive claims. He inferred this from KRS 342.316(3)(b) which provides as follows:

> (b) Income or retraining incentive benefits for the disease of pneumoconiosis resulting from exposure to coal dust or death therefrom shall not be payable unless the employee has been exposed to the hazards of such pneumoconiosis in the Commonwealth of Kentucky over a continuous period of not less than two (2) years during the ten (10) years immediately preceding the date of his last exposure to such hazard, or for any five (5) of the (15) years immediately preceding the date of such last exposure.

The Workers' Compensation Board (Board) reversed the decision of the ALJ for the following reasons:

> First, the statute [KRS 342.316(3)(b) ] is *jurisdictional.* It was clearly not intended to bear upon the issue of work-related causation. In fact, another subsection of the same statute imposes occupational disease liability upon the last employer, regardless of the duration of that employment. KRS 342.316(1)(a). Secondly, in achieving the result below, the ALJ ignored that part of the provision which authorizes benefits upon a showing of exposure in any five of the last fifteen years. In our view, reading the statute *in it's (sic) entire context* destroys the construction placed upon it by the ALJ. Thirdly, there is neither statutory nor case authority which hints of a "waiting period" be-

tween the dismissal of one claim and the filing of a new application for benefits.

The Court of Appeals affirmed the decision of the Board.

The employer argues three points on appeal to this Court. First, it insists that it was proper for the ALJ to construe a two-year waiting period for filing successive claims for RIB. Otherwise, the employer argues, claimants are permitted to "judge shop" and employers are subject to economic blackmail because the threat of successive claims for RIB could cost more to defend than to settle.

We understand these concerns; however, it is still improper to read limitations into statutes where none exist. We would point out, however, that there are ramifications for filing frivolous claims, and costs may and should be assessed against the offending party. KRS 342.310. Certainly, merely filing the same claim over and over again, after a decision has been reached on the merits, and without different circumstances to warrant reopening, KRS 342.125, or a new claim, justify all penalties and sanctions permitted by law.

■■■■ The employer argues that this claim is barred by *res judicata,* or in the alternative, claimant should have filed a motion to reopen. We believe that filing a subsequent claim after a finding on the merits upon the same proof and involving the same parties does not deserve close scrutiny by the ALJ, and under proper circumstances may constitute a frivolous claim. If additional exposure is the basis for an allegation of increased occupational disability, then by all means a reopening would be the proper avenue for requesting relief. In a reopening proceeding, movant must make a prima facie showing before the respondent is required to marshal its defenses. See, *Stambaugh v. Cedar Creek Mining Co.,* Ky., 488 S.W.2d 681 (1972). This preliminary showing is an important safeguard against the sort of abuses alleged by this employer, and it should not be allowed to be bypassed by filing a new claim. We disagree therefore with the Board and Court of Appeals that there is no real difference in the procedures and hold that the proper course under these circum-

stances would have been for claimant to file a motion to reopen.

Finally, the employer argues that the weight of the medical evidence clearly shows that claimant does not have coal workers' pneumoconiosis. This is a question of fact outside the scope of our decision.

The decision of the Court of Appeals is affirmed except that on remand the claim shall proceed according to KRS 342.125, assuming the proper motions are filed.

All concur.