Fred SLONE, Appellant,

v.

R & S MINING, INC., Robert L. Whittaker, Director of Special Fund; Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2001–SC–0469–WC.

Supreme Court of Kentucky.

March 21, 2002.

Case Ordered Published by Supreme Court May 16, 2002.

Ronald C. Cox, Johnnie L. Turner, P.S.C., Harlan, Counsel for Appellant.

David H. Neeley, Neeley & Reynolds, P.S.C., Prestonsburg, Counsel for Appellee, R & S Mining, Inc.

Joel D. Zakem, Labor Cabinet—Special Fund, Frankfort, Counsel for Appellee, Special Fund.

## OPINION OF THE COURT

This workers' compensation appeal concerns whether a worker who sustained no exposure to coal dust after July, 1990, and whose claim for occupational disease benefits was dismissed in 1991 for insufficient evidence should have been permitted to reopen the claim in 2000 because he presented evidence of a higher disease category and respiratory impairment than he introduced in the initial claim.

The claimant's 1991 application for benefits alleged a last exposure to coal dust on June 1, 1990. Although two physicians reported category 1/0 disease, four physicians reported category 0/0. All of the reported FEV1 values were 55–80% of the predicted normal. Finding the negative evidence to be more persuasive, an Administrative Law Judge (ALJ) dismissed the claim on November 25, 1991, and no appeal was taken.

On June 6, 2000, the claimant moved to reopen the claim, submitting an affidavit which indicated that he had not worked in the coal industry since July, 1990, and that he suffered from wheezing and shortness of breath with minimal exertion. He also submitted a recent medical report from a physician who had reported category 1/0 disease in the initial claim but who now reported category 1/1 and both FVC and FEV1 values of 55–80%. After an ALJ overruled the motion on the ground that it had failed to establish a prima facie case for reopening and also overruled a petition for reconsideration, the claimant appealed. Having thus far been unsuccessful, he now appeals to this Court.

The claimant maintains that regardless of whether KRS 342.125(2)(a) pertains only

to the reopening of an award of pneumoconiosis benefits, KRS 342.125(1) permits the reopening of any claim upon evidence of a change of condition. Arguing that he submitted prima facie evidence of such a change, he concludes that the ALJ should have granted his motion. He emphasizes that pneumoconiosis is a progressive disease and complains that the decisions below would bar a reopening simply because an ALJ determined long ago that he did not suffer from the disease and dismissed his claim.

■■■ Although pneumoconiosis is an irreversible and progressive disease, there is no indication that simple pneumoconiosis will progress after the worker has ceased being exposed to coal dust. Contrary to what the claimant would have us infer, *Usery v. Turner Elkhorn Mining Company*, 428 U.S. 1, 5–7, 96 S.Ct. 2882, 2888–89, 49 L.Ed.2d 752, 762 (1976), does not stand for that proposition. In any event, KRS 342.316 gives a worker three years from the date of last exposure or onset of disability in which to discover the disease and to file an occupational disease claim. KRS 342.316 also contains a period of repose that bars a claim that is discovered or filed more than five years from the date of last exposure. Therefore, even if a worker's condition were to progress after his last injurious exposure and to become compensable only after a number of years had passed, his claim would be barred unless it was filed within five years of his last exposure to coal dust.

■■■ The doctrine of *res judicata* (also known as the doctrine of the finality of judgments) is basic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end. Thus, where there is an identity of parties and an identity of causes of action, the doctrine precludes further litigation of issues that were decided on the merits in a final judgment. The application of these principles to final workers' compensation decisions is grounded in the fact that because there is an extensive procedure for taking appeals, a final decision should not be disturbed absent fraud, mistake, or other very persuasive reason that would warrant reopening. KRS 342.125 grants some relief from the principles of the finality of judgments by permitting a reopening in instances of fraud, mistake, newly-discovered evidence, or a change of condition that causes a change of occupational disability. In *Pikeville Coal Co. v. Sullivan*, Ky., 895 S.W.2d 574 (1995), we determined that a reopening is also appropriate where a worker whose initial pneumoconiosis claim is dismissed on the merits sustains additional exposure and files a new claim against the same employer. Our rationale for treating the new claim as a motion to reopen was that the prima facie showing that is required for reopening would help to protect employers from economic blackmail and "judge shopping."

Since 1987, findings concerning the presence or absence of coal workers' pneumoconiosis and of occupational disability due to the condition are based upon specific medical evidence. Consistent with this standard, both the 1990 and 1996 versions of KRS 342.125 contain a provision that specifically addresses a change of medical condition due to pneumoconiosis. The 1990 version of KRS 342.125(2)(a) refers only to the reopening of an award and does not contemplate the reopening of a dismissed claim upon evidence of a worsening of the worker's medical condition. Likewise, the 1996 version of the provision, renumbered as KRS 342.125(5), contem-

plates the reopening of "an award or order for benefits."[1]

A worker who sustains no additional exposure to coal dust after his claim is dismissed on the merits is precluded from filing another pneumoconiosis claim against the employer because the final decision concerning the extent of any injury that resulted from his exposure was finally decided in the initial proceeding. Nonetheless, KRS 342.125(1) gives some relief from the principles of the finality of judgments by permitting the reopening and reconsideration of a dismissed claim if the worker later demonstrates that the decision resulted from fraud or mistake or if he obtains evidence that could not have been discovered with the exercise of due diligence in the initial proceeding, but absent a finding that one of these grounds exists, an ALJ lacks jurisdiction to reopen a dismissed claim. See *Beth–Elkhorn Corp. v. McFall*, Ky., 415 S.W.2d 857 (1967); *Messer v. Drees*, Ky., 382 S.W.2d 209 (1964); *Princess Elkhorn Co. v. Ousley*, Ky., 356 S.W.2d 37 (1962). As we explained in *Messer v. Drees*, the purpose of the "mistake" provision is not to give the losing party an opportunity to "bring up reinforcements" and relitigate the claim but rather to correct a decision that was the product of a misconception concerning the worker's actual condition. *Id.* at 213.

We conclude, therefore, that if a pneumoconiosis claim is dismissed because the ALJ is not persuaded that the worker suffers from the disease, evidence of a change of medical condition, by itself, will not support reopening the claim. There must also be proof that the change comes within the scope of the "mistake" provision.

In the instant case, the affidavit that accompanied the claimant's motion indicated that his last exposure to coal dust occurred in July, 1990. All of the medical reports that were considered in the initial proceeding were based upon x-rays that were taken between July 30, 1990 and August 19, 1991. Therefore, it is clear that he sustained no additional exposure to coal dust after the x-rays were taken and also that he sustained no additional exposure after the claim was dismissed. Thus, he did not come within the type of reopening that was envisioned in *Pikeville Coal Co. v. Sullivan, supra.*

The claimant has not alleged fraud, mistake, or newly-discovered evidence, but we recognize that a change of medical condition could sometimes be viewed as being evidence of a "mistake" in the initial decision. We note, however, that the 1990 claim was dismissed because although Drs. Myers and Baker reported that the claimant suffered from pneumoconiosis, the ALJ was more persuaded by the reports of Drs. Anderson, Wright, Lane, and Dineen that he did not suffer from the disease. Thus, this is not a case where the existence of the disease became evident only after the passage of time. Instead, it is more akin to the type of situation that *Messer v. Drees, supra,* specifically indicated was contrary to the purpose of KRS 342.125. *Id.* at 213. Under those circumstances, the dismissal of his claim on the merits precluded further litigation concerning whether the claimant suffered from pneumoconiosis, and the ALJ did not err in denying the motion to reopen.

1. The 1996 Act also requires two years of additional exposure to coal dust in order to reopen an award or two years of additional exposure after the conclusion of a claim before another claim may be filed. KRS 342.125(5)(a); KRS 342.316(12).

The decision of the Court of Appeals is affirmed.

All concur.