**Franklin SCOTT, Appellant,**

**v.**

**AEP KENTUCKY COALS, LLC; Hon. A. Thomas Davis, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2005–CA–002486–WC.

Court of Appeals of Kentucky.

June 30, 2006.

---

6. *Id.* at 322.

7. *See* CR 52.02, CR 59.05.

John Harlan Callis III, Kirk Law Firm, PSC, Paintsville, KY, for appellant.

Terri Smith Walters, Jones, Walters, Turner & Shelton PLLC, Pikeville, KY, for appellee.

Before McANULTY and MINTON, Judges; BUCKINGHAM, Senior Judge.[1]

## OPINION

McANULTY, Judge.

Franklin Scott appeals from an opinion of the Workers' Compensation Board. The Board held that Scott could not receive additional benefits upon reopening his claim for worsening of pneumoconiosis because he had no additional exposure to coal dust since filing an earlier petition to reopen. Scott argues on appeal that the statutes on which the Board based its opinion are unconstitutional because they fail to provide due process and equal protection of the laws, and that they were applied too narrowly to the circumstances of his case. In addition, Scott argues that the Board ignored his argument that reopening his claim was valid based on a "mistake" in the earlier adjudication. We affirm.

The Board denied Scott's claim based on the fact that Scott had not had additional exposure to the hazards of the disease since the date of the previous award or order. The Board cited the reopening statute, KRS 342.125(5)(a), which allows an administrative law judge (ALJ) to review an order or award for benefits attributable to coal-related pneumoconiosis where the affected employee shows both progression of a previously diagnosed pneumoconiosis and "two (2) additional years of employment in the Commonwealth wherein the employee was continuously exposed to the

[1]. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

hazards of the disease[.]" The Board also relied on KRS 342.316(12), which states in full:

A concluded claim for benefits by reason of contraction of coal workers' pneumoconiosis in the severance or processing of coal shall bar any subsequent claim for benefits by reason of contraction of coal workers' pneumoconiosis, unless there has occurred in the interim between the conclusion of the first claim and the filing of the second claim at least two (2) years of employment wherein the employee was continuously exposed to the hazards of the disease in the Commonwealth.

Scott's last exposure to coal dust was August 31, 2002. Since there had not been any more exposure since the denial of his earlier petition for reconsideration on March 23, 2004, the Board found that additional benefits were barred by the statute's employment requirements. Scott alleges that the Board erred in applying the statutes.

Scott argues that the statutes are unconstitutional in that they require that a worker perform two years of additional work before an occupational disease award may be reopened, but there is no such requirement for a reopening of an injury award in the Workers' Compensation Act. Scott alleges that this violates his rights to equal protection, since similarly situated groups should be treated equally, and due process, because it precludes the meaningful opportunity to present evidence for those with an occupational disease. In addition, Scott contends that the statute violates Section 2 of the Kentucky Constitution because its requirements are arbitrary.

The Kentucky Supreme Court explained the role of this Court in reviewing decisions of the Workers' Compensation Board in *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky.1992). The Supreme Court stated that our function is to correct the Board only where this Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Id.* at 687–688. Thereafter, the function of the Supreme Court in reviewing a workers' compensation case previously reviewed by this Court is to address new or novel questions of statutory construction, to reconsider precedent when necessary, or to review a question of constitutional magnitude. *Id.* at 688. While we believe we may examine Scott's constitutional claims, we note that they are ultimately subject to review by the Supreme Court.

Appellee AEP Kentucky Coals asserts initially that Scott failed to preserve his claims of error. Scott does raise the challenges to the statutes for the first time in this appeal; thus, those arguments were not argued before the ALJ or the Board. We believe, nevertheless, that they have been sufficiently preserved for review in this Court. The Workers' Compensation Board is not empowered to address constitutional questions because its review is limited by statute. *See* KRS 342.285(2). Exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute as void on its face. *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 626 (Ky.2001), *citing Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (1948). This is because administrative agencies cannot decide constitutional issues. *Id.* As a result, we do not believe Scott's constitutional argument should be barred because it was not made before the Board. Furthermore, Scott notified the Attorney General of the challenge to the constitutionality of a statute by serving a copy of the brief, as KRS 418.075 requires. *See Homestead Nursing*

*Home v. Parker,* 86 S.W.3d 424, 425 n. 1 (Ky.App.1999). Accordingly, we find no error as to preservation.

■ First, we examine whether the statutes violate equal protection considerations. The difference in issues arising as to onset, causation and progression of occupational disease claims versus other types of injury claims provides a rational basis for the differing requirements for the reopening of pneumoconiosis claims as opposed to injury claims in the Workers' Compensation Act. Thus, we conclude that the legislature is justified in placing different requirements on the claims when it comes to reopening.

We further disagree with Scott that his due process rights were abridged by the terms of the reopening statute. In *Slone v. R & S Mining, Inc.,* 74 S.W.3d 259, 261 (Ky.2002), the Supreme Court stated that the limitations on reopening claims in KRS 342.125 are grounded in the need for finality of decisions under principles of res judicata. Thus, the legislature had a reasonable basis for requiring additional exposure before permitting a reopening. A worker without additional exposure is precluded from bringing an additional claim because his rights were already adjudicated in a final proceeding. *Id.* at 262. The Court further stated that "because there is an extensive procedure for taking appeals, a final decision should not be disturbed absent fraud, mistake, or other very persuasive reason that would warrant reopening." *Id.* at 261. We conclude that the legislative scheme for allowing successive petitions to reopen has a reasonable basis and therefore comports with due process requirements. Finally, we agree that these distinctions in the statute are not arbitrary. As a result we find no constitutional issue was shown.

■ Next, we do not agree with Scott that the Board interpreted the statutes too narrowly in applying them to his case.

Scott argues that under KRS 342.125(1)(d), he only needed to make a prima facie showing of a worsening after the earlier award in order to be entitled to reopen his claim. Since section (5)(a) is more specific than section (1)(d) as to reopening for review of an award or benefits *attributable to coal-related pneumoconiosis,* the Board properly followed that statute. In *Slone,* the Supreme Court stated that if a pneumoconiosis claim is dismissed because the ALJ was not persuaded that the worker has the disease, evidence of a change in condition alone does not warrant reopening of the claim. *Slone,* 74 S.W.3d at 262. We affirm the Board's application of and interpretation of the statutes.

Finally, Scott argues that his assertion that his petition for a reopening was based on mistake, pursuant to KRS 342.125(1)(c), was not addressed by the Board. As the Board stated in its opinion, this claim was bifurcated for the purpose of resolving a preliminary issue. The Board explained that for this bifurcated proceeding, it was only addressing the single issue of whether Scott had shown that he met the requirements for review of his pneumoconiosis claim under KRS 342.125(5)(a). Thus, we find no error in the Board's omission of Scott's assertion of "mistake." We believe that Scott should still be permitted review of his allegations as to mistake before the Board since they were not addressed by the Board in this action.

For the foregoing reasons, we affirm the opinion of the Workers' Compensation Board. We remand to the ALJ for consideration of whether Scott met the requirements of KRS 342.125(1) for reopening his claim on the grounds of mistake.

ALL CONCUR.