**Belinda BOLIN, Administratrix of the Estate of Darrel Bolin, Deceased, Appellant**

v.

**T & T MINING; Hon. Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2006–SC–000787–WC.

Supreme Court of Kentucky.

Aug. 23, 2007.

Sidney B. Douglass, Harlan, KY, Counsel for Appellant, Belinda Bolin, Administratrix of the Estate of Darrel Bolin, Deceased.

Terri Smith Walters, Jones, Walters, Turner & Shelton, PLLC, Pikeville, KY, Counsel for Appellee, T & T Mining.

### OPINION OF THE COURT

KRS 342.125(5)(a) requires a worker seeking to reopen an award rendered under KRS 342.732 to make a preliminary showing that includes a progression of pneumoconiosis, the development of respiratory impairment due the disease, and two additional years of continuous exposure to the hazards of the disease in Kentucky.

Daniel Bolin supported his motion to reopen with evidence of a progression of pneumoconiosis and a greater respiratory impairment but had received no additional exposure to coal dust. Thus, an Administrative Law Judge (ALJ) dismissed his motion, and the Workers' Compensation Board affirmed. The Court of Appeals also affirmed, holding that KRS 342.125(5)(a)'s additional-exposure requirement applies to all awards rendered under KRS 342.732 and does not violate the Kentucky Constitution by depriving affected miners of a remedy for increased disability. We affirm.

Bolin worked for 28–30 years in the coal mining industry. He was last exposed to the hazards of coal workers' pneumoconiosis on June 28, 1998, while working for the defendant-employer. Bolin had received a retraining incentive benefit (RIB) award in

about 1988. On September 18, 2002, he filed an application for benefits under the newly-enacted KRS 342.792(1). Based on unanimous evidence of category 1 disease and on spirometric values at between 55% and 80% of the predicted normal, an ALJ awarded 425 weeks of income benefits based on a 25% disability.

On February 25, 2005, Bolin moved to reopen his claim due to a worsening of condition. He supported the motion with a recent report from Dr. Baker, who testified in the initial claim. Dr. Baker presently reported category 3/3 disease and spirometric test results at 40% of the predicted normal FEV1 value. Bolin's affidavit indicated that he considered his present occupational disability to be total.

Objecting to the motion and moving to dismiss, the employer asserted that not only does KRS 342.125(5)(a) require a progression of the disease and development of respiratory impairment in order to reopen. It also requires an additional two years of employment in which the worker is continuously exposed to the hazards of the disease. The employer argued that Bolin was not entitled to reopen because he received no post-award exposure to coal dust. It also pointed to Dr. Baker's observation that the rapidity with which Bolin's x-ray category and physical condition had changed were signs that some condition other than pneumoconiosis might be contributing. The ALJ sustained the employer's motion and dismissed the motion to reopen.

Having been substituted as a party following Bolin's death, his widow raises two arguments. Her first argument is that the additional-exposure requirement applies only to the reopening of a RIB claim because KRS 342.125(5)(a) requires a showing of "development of respiratory impairment." She reasons that this language implies that no respiratory impairment ex-

isted in the initial claim and, therefore, that the initial claim must have been for a RIB rather than for income benefits. Pointing out that her husband had a respiratory impairment and received income benefits, she argues that the requirement is inapplicable to his award. She admits that simple pneumoconiosis rarely progresses to complicated pneumoconiosis without additional exposure but asserts that it occurred in her husband. Her second argument is that the additional-exposure requirement is arbitrary, capricious, and violates the Kentucky Constitution.

█ Workers' compensation is a statutory creation. Under KRS 446.080(1), statutes must be construed liberally so as "to promote their objects and carry out the intent of the legislature." Thus, as explained in *Gateway Construction Company v. Wallbaum*, 356 S.W.2d 247 (Ky. 1962), the primary goal of statutory construction is to effectuate the legislature's intent.

Until December 12, 1996, the conditions for reopening a pneumoconiosis award were found in KRS 342.125(2)(a). The statute contained no additional-exposure requirement and referred separately to RIB and income benefit awards. It required the development of respiratory impairment for the first but a progression of respiratory impairment for the second.

As amended, KRS 342.125(5)(a) now provides:

> Upon the application of the affected employee, and a showing of progression of his previously-diagnosed occupational pneumoconiosis resulting from exposure to coal dust *and development of respiratory impairment due to that pneumoconiosis* and two (2) additional years of employment in the Commonwealth wherein the employee was continuously exposed to the hazards of the disease,

the administrative law judge may review an award or order for benefits attributable to coal-related pneumoconiosis under KRS 342.732. An application for review under this subsection shall be made within one (1) year of the date the employee knew or reasonably should have known that a progression of his disease *and development or progression of respiratory impairment* have occurred. Review under this subsection shall include a review of all evidence admitted in all prior proceedings, (emphasis added).

■ The first sentence of the statute now refers generally to "an award ... for benefits attributable to coal-related pneumoconiosis under KRS 342.732" but requires the "development of respiratory impairment." The following sentence was retained from the pre–1996 version and also is general, but it requires a motion to reopen under subsection (5)(a) to be filed within one year after the "development or progression of respiratory impairment." The statute's history and the first sentence's general reference to benefits awarded under KRS 342.732 lead us to conclude that the legislature intended for the additional-exposure requirement to apply to all awards made under KRS 342.732, just as the one-year limitation does, but inadvertently neglected to add the words "or progression" when amending the first sentence.

■ The claimant pitches her next argument under Sections 2, 14, and 54 of the Kentucky Constitution. Section 2 prohibits arbitrary laws. Sections 14 and 54 secure what are commonly referred to as jural rights, *i.e.*, the right to open courts, to a remedy for an injury, and to no statutory limit on the amount to be recovered. Although the claimant acknowledges that the court has rejected arguments based on the jural rights doctrine and has upheld

both minimum-exposure and additional-exposure requirements, she urges those decisions to be revisited. Having done so, we remain convinced that the requirements are constitutional.

In *Mullins v. Manning Coal Corporation,* 938 S.W.2d 260 (Ky.1997), the court rejected an argument that KRS 342.316(3)(b)'s minimum-exposure requirement for an initial claim was arbitrary. Noting that the apparent purpose of the requirement was to prevent forum shopping by workers from other states, the court explained that Kentucky had a legitimate interest in providing a stable workers' compensation system and in limiting the cost of workers' compensation benefits paid by employers. The court concluded that the minimum-exposure requirement was constitutional because it was rationally related to a legitimate state interest. The additional-exposure requirement for reopening is rationally related to the same legitimate state interests.

The principle of *res judicata* or finality of judgments is central to our legal system. KRS 342.305 treats final workers' compensation awards as being equivalent to final judgments and permits them to be enforced as such in circuit court. Although KRS 342.125 provides some relief from the principle of *res judicata* by permitting a final award to be reopened and amended, it does so under limited circumstances.

In *Slone v. R & S Mining, Inc.,* 74 S.W.3d 259, 261–62 (Ky.2002), the court upheld the denial of a motion to reopen in which the worker sustained no additional exposure after the final adjudication of his initial claim. The denial was based on pre–1996 law. Although the worker alleged a worsening of condition, the court pointed to the absence of any evidence that simple pneumoconiosis would progress without additional exposure to coal dust.

Citing to the decision in *Pikeville Coal Co. v. Sullivan*, 895 S.W.2d 574 (Ky.1995) (a claim may be reopened after additional exposure following the dismissal of a claim), the court determined that to require additional exposure before permitting a final award to be reopened was consistent with the principle of *res judicata.* The statutory additional-exposure requirement serves the same legitimate purpose. The *Slone* court also cited *Messer v. Drees*, 382 S.W.2d 209 (Ky.1964), and observed that nothing prevented an ALJ from reopening and reconsidering a final decision if the worker showed it to be the product of fraud or mistake or if the worker obtained evidence that existed but could not have been discovered with due diligence in the initial proceeding.

*Messer v. Drees, supra,* concerned a mutual mistake regarding the worker's actual condition at the time of the award. It stands for the principle that because workers' compensation laws are fundamentally for the benefit of injured workers, justice requires further inquiry when subsequent events indicate that an award was substantially induced by a misconception concerning the cause, nature, or extent of a worker's disability, regardless of the ground for which reopening was sought. The additional-exposure requirement is inapplicable to such a reopening.

Addressing the jural rights argument in *Johnson v. Gans Furniture Industries, Inc.*, 114 S.W.3d 850 (Ky.2003) (citing *Wright v. Oberle–Jordre Co., Inc.*, 910 S.W.2d 241 (Ky.1995)), and in *Shamrock Coal Co., Inc. v. Maricle*, 5 S.W.3d 130 (Ky.1999), the court pointed out that workers' compensation involves the voluntary relinquishment of common law remedies in favor of statutory remedies. Thus, Sections 14 and 54 do not bar the legislature from altering or limiting the remedies available for a statutory cause of action.

The decision of the Court of Appeals is affirmed.

All sitting. LAMBERT, C.J., and CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.