# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 18, 2014
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2014-SC-000102-WC

DATE 1-8-15 [signature], D.C.

RANDY DEAL      APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2013-CA-000777-WC
WORKERS' COMPENSATION NO. 91-15712

GUNTHER NASH MINING CONSTRUCTION
COMPANY; SPECIAL FUND;
HONORABLE J. LANDON OVERFIELD,
CHIEF ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD      APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Randy Deal, appeals from a Court of Appeals decision which affirmed the overruling of his motion to reopen his coal workers' pneumoconiosis ("CWP") claim. Deal argues that the Chief Administrative Law Judge ("CALJ") erred in overruling his motion to reopen pursuant to KRS 342.125(3) because KRS 342.125(5)(a) is the proper statute to apply. KRS 342.125(5)(a) states:

> Upon the application of the affected employee, and a showing of progression of his previously-diagnosed occupational pneumoconiosis resulting from exposure to coal dust and development of respiratory impairment due to that pneumoconiosis and two (2) additional years of employment in the Commonwealth wherein the employee was continuously exposed to the hazards of

the disease, the administrative law judge may review an award or order for benefits attributable to coal-related pneumoconiosis under KRS 342.732. An application for review under this subsection shall be made within one (1) year of the date the employee knew or reasonably should have known that a progression of his disease and development or progression of respiratory impairment have occurred. Review under this subsection shall include a review of all evidence admitted in all prior proceedings.

For the reasons set forth below, we affirm the Court of Appeals.

Deal was awarded temporary total disability benefits, permanent partial disability benefits, and medical expenses for CWP in an opinion, award, and order dated December 29, 1993. He also received retraining incentive benefits. After receiving his award based on CWP, Deal states that he continued to work in the coal mining industry for sixteen years, his last date of employment being October 26, 2009.

In late 2012, Deal was examined by his family physician, Dr. Abdul Dahhan. Dr. Dahhan, a former B-reader, performed tests which indicated that Deal's lungs had deteriorated and his breathing had worsened since his original award. Based on this visit, Deal filed a motion to reopen on October 15, 2012, arguing that he is now totally occupationally disabled. Attached to the motion was a copy of Dr. Dahhan's records showing Deal's spirometry test results and a copy of the original opinion, award, and order from 1993. However, the motion did not state that Deal was attempting to reopen a claim under KRS 342.125(5)(a) or state that he worked around the hazards of pneumoconiosis in the Commonwealth for at least two years after the entry of his original award.

2

The CALJ overruled Deal's motion to reopen pursuant to KRS 342.125(3) because it was filed more than four years after the date of his last award or order, which was December 29, 1993. Deal filed a petition for reconsideration arguing that the statute of limitations does not apply to an award rendered prior to December 12, 1996, the date in which the 1996 workers' compensation act took effect. In denying the petition the CALJ cited to KRS 342.125(8) for support. That statute states in pertinent part:

> The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four years of December 12, 1996, whichever is later . . .

Thus, since Deal filed his motion to reopen later than four years after the original award was issued or December 12, 1996, the CALJ found it was untimely.

The Board and Court of Appeals affirmed. KRS 342.125(5)(a) is first mentioned in the Court of Appeals opinion. The Court of Appeals declined to apply it however because Deal "failed to include [with his motion] a medical report expressing the opinion that he has had a progression of his previously diagnosed occupational pneumoconiosis resulting from exposure to coal dust and the development of respiratory impairment as a result thereof, from two continuous years of continuous exposure to the hazards of the disease." This appeal followed.

Deal argues that the overruling of his motion to reopen was erroneous because the CALJ did not apply KRS 342.125(5)(a). However, the first time

3

Deal argued that KRS 342.125(5)(a) should be applied was before the Court of Appeals and it is not the responsibility of the CALJ or Board to argue Deal's case on his behalf. However, even if the CALJ applied KRS 342.125(5)(a), Deal's motion did not satisfy the requirements to reopen his claim. Specifically, Deal did not present any evidence in his motion that he worked for at least two more years in the Commonwealth where he was exposed to hazards of pneumoconiosis. Thus, on the face of the motion Deal's award could not have been reopened based on KRS 342.125(5)(a). *See Bolin v. T & T Mining*, 231 S.W.3d 130 (Ky. 2007) (denying a reopening under KRS 342.125(5)(a) because there was no evidence that the claimant had further exposure to coal dust post-award). Since KRS 342.125(5)(a) was not clearly invoked by Deal and he did not present evidence to satisfy the requirements to reopen under that statute, it was not clearly erroneous for the CALJ to apply KRS 342.125(3) and (8) to find the motion was untimely.

We also note that Deal has requested that we review and change the standards by which the Board and Court of Appeals review an ALJ's opinion. We decline his invitation to overrule well-established law.

For the above stated reasons we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
RANDY DEAL:

Johnnie L. Turner


COUNSEL FOR APPELLEE,
GUNTHER NASH MINING CONSTRUCTION
COMPANY:

Not Represented by Counsel


COUNSEL FOR APPELLEE,
SPECIAL FUND:

Robert L. Whittaker