RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-000201-WC

STEPHEN FLYNN                                                    APPELLANT

v.
                  PETITION FOR REVIEW OF A DECISION
                  OF THE WORKERS' COMPENSATION BOARD
                       ACTION NO. WC-18-98128

BUYERS PARADISE FURNITURE, INC;
HON. STEPHANIE KINNEY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS' COMPENSATION
BOARD                                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE:  On December 29, 2017, Appellant, Stephen Flynn ("Flynn"),

sustained a crush injury to his left hand while working within the course of his

employment with Appellee Buyers Paradise Furniture, Inc. ("Buyers Paradise").

This injury occurred while Flynn was retrieving merchandise from a shelf using an

elevated platform device that was surrounded by a protective cage. Flynn's left hand, which was outside of the cage, became caught between the cage and a beam, resulting in the injury. He was 67 years old at the time. Flynn filed a Form 101, Application for Resolution of Workers' Compensation Claim, on January 11, 2019.

The Administrative Law Judge ("ALJ") assessed a 16% impairment rating and awarded Flynn temporary total disability ("TTD"), permanent partial disability ("PPD"), and medical benefits. His PPD benefits were multiplied by a factor of 3.6 due to his inability to perform his pre-injury job duties. The ALJ further concluded that Flynn's award was subject to the limitation set forth in KRS[1] 342.730(4) as amended effective July 14, 2018. Under this provision, Flynn's benefits would terminate once he obtained age 70, or four years after his injury, whichever last occurs. Flynn was 69 years old at the time of the ALJ's decision and order. He petitioned the ALJ for reconsideration regarding the limitation provision, which was denied.

Flynn appealed to the Workers' Compensation Board ("Board"), which unanimously affirmed the ALJ's determination. Flynn now appeals to this Court as a matter of right. Having reviewed the record and the law, we affirm the Board.

---

[1] Kentucky Revised Statutes.

# I. <u>STANDARD OF REVIEW</u>

To reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000) (citation omitted); KRS 342.285. However, neither the ALJ nor the Board has the authority to address constitutional concerns. *See*, *e.g.*, *Scott v. AEP Kentucky Coals, LLC*, 196 S.W.3d 24, 26 (Ky. App. 2006). Therefore, we address Flynn's constitutional argument *de novo*. *U.S. Bank Home Mortgage v. Schrecker*, 455 S.W.3d 382, 384 (Ky. 2014).

# II. <u>ANALYSIS</u>

Flynn contends that the ALJ erred in limiting income benefits pursuant to the amended version of KRS 342.730(4). He presents two primary arguments in support: 1) applying KRS 342.730(4) retroactively violates the contracts clauses of the United States and Kentucky Constitutions and is an arbitrary exercise of power in violation of Section 2 of the Kentucky Constitution; and 2) KRS 342.730(4) as amended in 2018 violates the equal protection provisions of our federal and state constitutions. *See* U.S. CONST. amend. XIV; and KY. CONST. § 3. He specifically contends that any age limitation applied to the administration of workers' compensation income disability benefits is unconstitutional. For the following reasons, we disagree.

As noted by the Board in its opinion affirming the ALJ, House Bill (HB) 2 became effective on July 14, 2018, while Flynn's case was pending before the ALJ. Section 13 of that bill amended KRS 342.730(4) to include the following:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

But for KRS 342.730(4), Flynn would have been entitled to receive 425 weeks of PPD benefits. *See* KRS 342.730(1)(d). Due to the application of KRS 342.730(4), however, Flynn asserts that his income benefits have been reduced by 243 weeks, or 57% of PPD benefits, based solely on his age, not his injury.

## A. Retroactivity of KRS 342.730(4)

The Kentucky Supreme Court recently addressed the retroactivity of KRS 342.730(4) in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019). The issue in *Swinford* concerned the Legislative Research Commission's failure to include HB 2's language indicating retroactivity in the official codified version of the KRS. *Id.* at 42-44. The Court ultimately held that KRS 342.730(4) shall be applied retroactively to those cases which "have not been fully and finally adjudicated

-4-

. . . ." *Id*. at 44. Applying *Swinford*, Flynn's award is subject to the limitation provided therein. However, the Court did not address the statute's constitutionality due to Appellee Swinford's failure to properly preserve the issue. In the present case, Flynn has properly preserved his constitutional challenges. Therefore, we will address the constitutionality of the amended version of KRS 342.730(4) on the merits.

As to retroactivity specifically, Flynn's argument is confined mostly to an application of Section 19(1) of the Kentucky Constitution and Article 1, Section 10, Clause 1 of the United States Constitution, which prohibit the impairment of contract obligations. A panel of this Court recently held that KRS 342.730(4) does not violate the contract clauses of our state or federal constitutions. *Adams v. Excel Mining, LLC*, No. 2018-CA-000925-WC, 2020 WL 864129 (Ky. App. Feb. 21, 2020) (unpublished). Therein, the Court considered arguments nearly identical to those in the present case, and ultimately concluded, *inter alia*:

> The contracts at issue here are not between individuals and the state, but between an employee, an employer, and a workers' compensation insurance provider. We, therefore, will defer to the judgment of the legislature. We believe retroactive application of KRS 342.730(4) is reasonable and appropriate. As previously stated, limiting the duration of benefits has been a part of the workers' compensation system since 1996.

-5-

*Id*. at \*3.  Although not binding on this Court, we adopt the sound reasoning advanced in *Adams*.

Lastly, Flynn gives short shrift to his argument that retroactive application of KRS 342.730(4) constitutes an arbitrary exercise of power under Section 2 of the Kentucky Constitution.  However, for the following reasons, the General Assembly's amendment of KRS 342.730(4) is rationally related to a legitimate government interest and is, therefore, not arbitrary.

**B.      Whether KRS 342.730(4) violates equal protection**

Prior to the 2018 amendments, KRS 342.730(4) stated in pertinent part:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits under the United States Social Security Act, 42 U.S.C. secs. 301 to 1397f, or two (2) years after the employee's injury or last exposure, whichever last occurs.

In *Parker v. Webster County Coal, LLC (Dotiki Mine)*, the Kentucky Supreme Court held this provision unconstitutional because it violated principles of equal protection.  529 S.W.3d 759 (Ky. 2017).  In so holding, the Court specifically concluded as follows:

> The problem with KRS 342.730(4) is that it invidiously discriminates against those who qualify for one type of retirement benefit (social security) from those who do not qualify for that type of retirement benefit but do qualify

for another type of retirement benefit (teacher retirement).

 . . . .

[W]hile teachers will receive all of their workers' compensation benefits to which they are entitled, nearly every other worker in the Commonwealth will not.

*Id*. at 768-69 (footnote omitted).

This decision prompted the General Assembly, through HB 2, to cure the constitutional infirmity diagnosed in *Parker*. As previously cited, Section 13 of that bill amended KRS 342.730(4) to include the following:

All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

We recently addressed the constitutionality of this amended version of KRS 342.730(4) in *Donathan v. Town & Country Food Mart*, No. 2018-CA-001371-WC, 2019 WL 6998653 (Ky. App. Dec. 20, 2019)[2]; *see also Bean v. Collier Elec. Serv.*, No. 2020-CA-000321-WC, 2020 WL 2603597 (Ky. App. May 22, 2020).

---

[2] This case is currently pending before the Kentucky Supreme Court. *See Donathan v. Town & Country Food Mart*, No. 2020-SC-000024-WC.

Both cases upheld the constitutionality of the amended version of the statute. And although both cases are unpublished, and are thus not being relied on herein as binding authority, we are cognizant of these cases and their relevance to our analysis. Mindful of CR[3] 76.28(4)(c), we find it important to specifically acknowledge that we are aware of *Donathan* and its status at this point pending in our Supreme Court. *Donathan* specifically reasoned as follows:

> Applying the rational basis test, we find this version of the statute constitutional. The legislators enacted this version in response to *Parker*. We are also cognizant of the strong presumption of constitutionality afforded to legislative acts. *Brooks v. Island Creek Coal Co.*, 678 S.W.2d 791, 792 (Ky. App. 1984) (citations omitted). Accordingly, we find the statute, as enacted, does not treat similarly situated persons differently. The statute allows for the benefits to terminate upon reaching the age of 70, or four years after the employee's injury, whichever occurs last. This stipulation rationally relates to the government's basis for the legislation – to save taxpayer dollars allocated to the workers' compensation system. It places a limit on the amount of benefits every person is awarded, not just a select group of individuals. Therefore, we find the statute constitutional.

*Donathan*, 2019 WL 6998653, at *3.

We adopt the holding and reasoning advanced in *Donathan*. However, we believe that additional analysis proves instructive due to Flynn's distinctive argument in the present case—that *any* age limitation applied to the

---

[3] Kentucky Rules of Civil Procedure.

administration of workers' compensation income disability benefits is

unconstitutional.

Age-based classifications are rarely even constitutionally suspect,

much less stuck down on equal protection grounds. *See*, *e.g.*, *Massachusetts Board*

*of Retirement v. Murgia*, 427 U.S. 307 (1976) (holding that Massachusetts'

mandatory retirement age for state police officers did not violate the officers' right

to equal protection). As one scholar has observed:

> For decades, both the legal academy and the courts have
> assumed that--unlike classifications based on race or
> gender--classifications based on age do not offend
> constitutional equal protection guarantees. Consistent
> with this assumption, chronological age is seen as an
> expedient and acceptable proxy for a variety of
> underlying human characteristics that policymakers wish
> to target for public policy interventions, and age-based
> criteria continue to be entrenched in U.S. public policy.

Nina A. Kohn, *Rethinking the Constitutionality of Age Discrimination: A*

*Challenge to a Decades-Old Consensus*, 44 U.C. DAVIS L. REV. 213, 215 (2010)

(footnote omitted).

In fact, our laws are rife with numerous examples of economic and

non-economic age-based restrictions/classifications:

> For example, one must be twenty-one to consume alcohol
> legally and sixty-five to become eligible for general
> Medicare. Chronological age criteria employed in
> statutes can also dictate the ability of an individual to
> invoke statutory protection from employment
> discrimination, the criteria for retaining a driver's license,

or even the extent to which patients may communicate privately with physicians.

*Id*. (footnotes omitted); *see also id*. at 227 n.79 (collecting cases applying *Murgia* in lower courts).

However, even age-based restrictions cannot be arbitrary. *See* Ky. Const. § 2. Far from arbitrary, it is rational to conclude that workers' compensation claimants 70 years or older have exited or will soon exit the workforce. It is also likely that they have obtained or qualify for some type of retirement device/derivative income or asset that is non-wage based (*i.e.*, pension, IRA, 401(k), savings account, etc.). And while Social Security income benefits are certainly included in this category, the amended version of KRS 342.730(4) no longer discriminates between Social Security recipients and non-Social Security recipients. Thus, curtailing workers' compensation income benefits at age 70 is not arbitrary. Rather, the amended version of KRS 342.730(4) is rationally related to the legitimate legislative objective of avoiding the payment of duplicative income benefits and maintaining adequate funding of the workers' compensation system.

Lastly, Flynn argues that the amended version of KRS 342.730(4) violates the prohibition against special legislation pursuant to Section 59 of the Kentucky Constitution. *See Parker*, 529 S.W.3d at 770. However, he has failed to advance his argument any further than merely claiming error. Therefore, we have

-10-

not been provided a sufficient basis for review. Moreover, because the special legislation analysis employed in *Parker* so closely mirrored its equal protection analysis, we similarly hold that because there is no equal protection violation here, there is also no violation of Section 59. *See also Bean*, 2020 WL 2603597, at *7-8.

### III. <u>CONCLUSION</u>

Accordingly, the ALJ properly applied the amended version of KRS 342.730(4) retroactively. In applying the relevant authorities and otherwise finding no constitutional infirmity, we hereby affirm the Board, affirming the decision issued by the ALJ.

LAMBERT, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:

Mark Knight
Somerset, Kentucky

BRIEF FOR APPELLEE BUYERS PARADISE FURNITURE, INC.:

J. Gregory Allen
Pikeville, Kentucky